UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR ACE
SECURITIES CORP. HOME EQUITY
LOAN TRUST, SERIES 2006-OP2,

               Plaintiff,

      v.

SANDA BELL, *et al.*,

             Defendants.

ORDER
24-CV-7671 (NRM)(PCG)

NINA R. MORRISON, United States District Judge:

Plaintiff HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-OP2 ("HSBC Bank"), commenced this action against Defendants seeking foreclosure. After Defendants failed to appear, Plaintiff moved for default judgment, ECF No. 30, and this Court referred the motion to Magistrate Judge Lois Bloom for a report and recommendation ("R&R"), Order Referring Mot. dated May 5, 2025. On January 15, 2026, the case was re-assigned to Magistrate Judge Peggy Cross-Goldenberg. On January 27, 2026, Judge Cross-Goldenberg issued an R&R recommending that the motion for default judgment be granted, and that Plaintiff be awarded (1) $592,010.84 in unpaid balance, interest, and expenses; (2) $23.32 *per diem* interest from December 24, 2024 until judgment is entered; (3) post-judgment interest at the statutory rate; (4) $6,800 in attorneys' fees; and (5) $400 in attorneys' costs. ECF No. 37.

On February 11, 2026, Plaintiff filed a motion for extension of time to file an

1

objection to the R&R regarding a potential typographical error, noting that the R&R's Conclusion used a different date to calculate the *per diem* interest than did the R&R's Damages Calculation and Interest sections.  ECF Nos. 38, 39.  Defendants did not file any objection to the R&R, and the period for doing so has elapsed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court largely agrees with Judge Cross-Goldenberg's thorough and well-reasoned R&R.  However, because Plaintiff has failed to fully comply with New York Real Property Actions and Proceeding Law ("RPAPL") § 1302, the Court denies the motion for default judgment without prejudice to renew.

RPAPL § 1302 requires that a complaint in a foreclosure action "contain an affirmative allegation that at the time the proceeding is commenced, the plaintiff . . . complied with all of the provisions of section five hundred ninety-five-a of the banking law *and any rules and regulations promulgated thereunder.*"  RPAPL § 1302(1)(b) (emphasis added).  Here, however, Plaintiff's Complaint states, "Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with the provisions of Section 595a and Section 6-1 of the Banking Law," with no mention of the rules and regulations promulgated thereunder.  Compl., ECF No. 1 ¶ 21.  And as numerous other courts in this Circuit have recently clarified, failure to include this particular phrase constitutes non-compliance with the requirements of RPAPL § 1302.  *See, e.g.*, *Wilmington Savings Fund Society, FSB as trustee of Aspen Holdings Trust v. Fernandez*, 712 F. Supp. 3d 324, 334 (E.D.N.Y. 2024); *Wilmington Sav. Fund*

*Soc'y, FSB as Tr. of Aspen Holdings Tr. v. Bernash*, No. 23-CV-485 (AMN), 2024 WL 1285431, at *5 (N.D.N.Y. Mar. 26, 2024); *Brown v. Amarante*, No. 23-CV-3514 (JGLC), 2024 WL 4716364, at *10 (S.D.N.Y. Nov. 8, 2024); *Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2007-5, Asset-Backed Certificates, Series 2007-5 v. Shewtahal*, No. 24-CV-7892 (ERK), 2025 WL 2402824, at *4 (E.D.N.Y. Aug. 19, 2025). That failure "is a sufficient basis to deny a motion for default judgment." *Blue Castle (Cayman) Ltd. v. Scherer*, No. 24-CV-220 (ECC), 2025 WL 625150, at *4 (N.D.N.Y. Feb. 26, 2025).

The motion for default judgment is thus denied. However, the Court finds no error in all other findings in the R&R, including the findings with respect to the calculation of awards and damages. To the extent Plaintiff eventually prevails in obtaining a judgment in its favor, the $23.32 *per diem* interest referenced in Plaintiff's objection, ECF No. 39, shall be calculated from December 24, 2024, until the date the judgment is entered, as reflected in pages 13 and 14 of the R&R. ECF No. 37 at 13, 14. The R&R is therefore adopted in part, and the motion for default judgment is denied without prejudice to renew. The Court also *sua sponte* grants Plaintiff leave to amend its Complaint to add the phrase "and any rules and regulations promulgated thereunder" to paragraph 21, to the extent that Plaintiff is able to attest that it had, in fact, complied with the applicable rules and regulations at the time this proceeding was commenced.

**SO ORDERED.**

3

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:          March 2, 2026
                Brooklyn, New York